# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **AMBROSE BRANCH, #112678,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:23-cv-01007 |
| **WILSON COUNTY, et al.,** | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

State inmate Ambrose Branch has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5).

The case is before the Court for ruling on Plaintiff's IFP application and initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 5) is **GRANTED** and a $350 filing fee is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when

the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most

2

favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under Section 1983, which allows a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff sues Wilson County, the Wilson County Sheriff's Department, and the "Medical Provider(s) Contract Provider" for the Sheriff's Department, alleging in his verified Complaint that he was provided with dirty linens/bedding, clothing, and drinking water while incarcerated at the Wilson County Jail. (Doc. No. 1 at 1, 4.) He further alleges that Jail "staff/officers" failed to provide him with "sanitation chemicals, laundry soap, and hygiene items." (*Id.* at 4.) As a consequence of these unsanitary conditions, Plaintiff developed boils and ringworm. (*Id.*) He was not seen for weeks after reporting a need for medical treatment, and even after being seen by an unnamed medical provider, he did not receive any medication or other treatment for pain or for the underling infections. (*Id.* at 4–5.) He seeks damages and injunctive relief. (*Id.* at 6.)

**C. Analysis**

"The Eighth Amendment protects convicted inmates from the 'unnecessary and wanton infliction of pain,' *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citation omitted), which imposes a duty on prison officials to 'provide humane conditions of confinement.' *Farmer v. Brennan*, 511

U.S. 825, 832–33 (1994) (citations omitted)." *Hale v. Mayes*, No. 3:18-CV-00672, 2018 WL 5313237, at *5 (M.D. Tenn. Oct. 25, 2018). A claim of inhumane prison conditions contains an objective and a subjective component. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To establish the objective component, the inmate must demonstrate that he has been deprived of "the minimal civilized measure of life's necessities." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To establish the subjective component, the inmate must demonstrate that "prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." *Id.* (citing *Farmer*, 511 U.S. at 834).

The Court liberally construes the Complaint to assert violations of Plaintiff's Eighth Amendment rights. For purposes of initial review, the Court finds that both components of Plaintiff's Eighth Amendment conditions-of-confinement claim may reasonably be inferred from his allegations that he was provided contaminated bedding and clothing and was subsequently denied access to cleaning and hygiene supplies, leading to the development of painful skin infections. *See Hale*, 2018 WL 5313237, at *5 (allowing Eighth Amendment claim to proceed based on allegations of unsanitary jail conditions, restrictions on cleaning and hygiene supplies, and plaintiff's subsequent development of infection). Plaintiff also plausibly claims that the weeks-long delay in obtaining medical attention and the ultimate failure to prescribe any treatment for his painful condition amounted to deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. *See Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 447 (6th Cir. 2014) (explaining that objective and subjective components of Eighth Amendment medical-care claim are met by allegations of a "sufficiently serious" medical need and officials' reckless disregard of

the risk presented by that need). However, Plaintiff does not assert these claims against a proper defendant.

The Wilson County Sheriff's Department is not a proper Section 1983 defendant, *see Mathes v. Metro. Gov't*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010), and even if it were, any claim against it would be redundant of Plaintiff's claim against Wilson County. *See Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021). And Wilson County may only be held liable if Plaintiff can show that a policy or custom of the County was the "moving force" behind his injuries, *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citations omitted), which at this point he has not even alleged. *Cf. Bowers v. Livingston Cnty.*, 426 F. App'x 371, 372 (6th Cir. 2011) (dismissing claim against county because inmates did not identify a policy, but only "seem[ed] to argue" that an unofficial custom caused their injury from unsanitary conditions).

Nor has Plaintiff named any individual defendant who provided him with contaminated bedding and clothing, or who failed to provide cleaning and hygiene supplies or medical treatment. While this failure to name individual or corporate defendants to whom service of process may be directed does not require the immediate dismissal of Plaintiff's case, he must amend his Complaint to name proper defendants in order to avoid that result, as claims against the collective "staff" of a jail or medical unit cannot be prosecuted under Section 1983. *See McCallum v. Gilless*, 38 F. App'x 213, 215 (6th Cir. 2002); *see also Warzyn v. Archer*, No. 23-CV-533-PP, 2023 WL 7112775, at *3 (E.D. Wis. Oct. 27, 2023) (finding that "[t]he 'staff' of a prison or a prison unit is not a proper defendant because it is not a person that may be sued under § 1983," but allowing plaintiff to amend to name particular defendants, including "a John or Jane Doe placeholder if he does not know" those defendants' names).

5

Under Federal Rule of Civil Procedure 15(a), the Court "can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will exercise its discretion to do so in this case and will allow Plaintiff an opportunity to re-present his Eighth Amendment claims against proper municipal and/or individual defendants.

### III. CONCLUSION

Accordingly, although the Complaint in its current form is subject to dismissal for failure to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), the Court will allow Plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing an amended complaint (Pro Se Form 14).

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days or to seek an extension of this deadline before it expires will result in the dismissal of this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE